MEMORANDUM OPINION

No. 04- 05-00791-CV


GERFLOR, SA AND G2I, INC.,

Appellants
v.
CONSOLIDATED SPECIALTY PRODUCTS, INC.,

Appellee
From the 57th Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CI-06390

Honorable Andy Mireles, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Alma L. López , Chief Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice

Delivered and Filed: May 3, 2006
AFFIRMED



 This is an appeal from the trial court's denial of appellant's special appearance. We affirm.

BACKGROUND

 Gerflor, SA is a company incorporated under the laws of France. Gerflor, SA's exclusive agent in the United States is G2i,
Inc., a company incorporated under the laws of the State of Georgia (Gerflor, SA and G2i, Inc. hereinafter referred to as
"appellants"). Appellee is a company incorporated under the laws of the State of Texas, with its principal place of business
in San Antonio, Texas. Appellants and appellee have conducted business together for the past fifteen years under what both
parties describe as an "at will" distributorship arrangement. Under this arrangement, appellants provided inventory,
marketing, sales, warranty, and other services to appellee for the sale and distribution of the Taraflex Sport product, a brand
of gymnasium flooring. The parties also entered into a written agreement setting forth sales objectives for 2004.

 In April 2005, appellee sued appellants, alleging breach of the distributorship arrangement and fraud in the inducement. 
Appellants filed special appearances contesting personal jurisdiction in Texas. Following a hearing, the trial denied both
special appearances, and this appeal ensued.

STANDARD OF REVIEW

 A plaintiff bears the initial burden of pleading sufficient allegations to bring a non-resident defendant within the provisions
of the Texas long-arm statute. BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 793 (Tex. 2002). On appeal, we
review de novo the trial court's determination to grant or deny a special appearance. American Type Culture Collection,
Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002); BMC Software, 83 S.W.3d at 794. Whether a court has personal
jurisdiction over a defendant is a question of law. Coleman, 83 S.W.3d at 805-06; BMC Software, 83 S.W.3d at 794. 
However, to resolve the issue of jurisdiction, the trial court must frequently determine questions of fact. Coleman, 83
S.W.3d at 806; BMC Software, 83 S.W.3d at 794. If a trial court issues findings of fact and conclusions of law, we may
review the fact findings for legal and factual sufficiency. BMC Software, 83 S.W.3d at 794. If there is more than a scintilla
of evidence to support the finding, the no-evidence challenge fails. Id. at 795. We reverse the ruling for factual
insufficiency of the evidence only if the ruling is so against the great weight and preponderance of the evidence as to be
manifestly erroneous or unjust. Ho Wah Genting Kintron Sdn Bhd v. Leviton Mfg. Co., 163 S.W.3d 120, 125 (Tex.
App.--San Antonio, 2005, no pet.). Unchallenged fact findings are binding on the appellate court. Id. We review de novo
the trial court's legal conclusions based on the findings of fact to determine their correctness. BMC Software, 83 S.W.3d at
794. If we determine a conclusion of law is erroneous but the trial court nevertheless rendered a proper judgment, the
erroneous conclusion does not require reversal. Id.

PERSONAL JURISDICTION

 A Texas court may assert personal jurisdiction over a non-resident defendant only if the requirements of both the United
States Constitution and the Texas long-arm statute are satisfied.CSR, Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996) (orig.
proceeding). The Texas long-arm statute allows a Texas court to exercise personal jurisdiction over a non-resident
defendant who does business in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 1997); BMC Software, 83
S.W.3d at 795. The Texas long-arm statute reaches as far as the federal and state constitutional guarantees of due process
allow. CSR, 925 S.W.2d at 594. Therefore, "the requirements of the Texas long-arm statute are satisfied if the exercise of
personal jurisdiction comports with federal due process limitations." Id.

 The due process clause permits a state to exert personal jurisdiction over a non-resident defendant only if the defendant has
some minimum, purposeful contacts with the state and the exercise of jurisdiction will not offend traditional notions of fair
play and substantial justice.Dawson-Austin v. Austin, 968 S.W.2d 319, 326 (Tex. 1998). A non-resident who has purposely
availed itself of the privileges and benefits of conducting business in Texas has sufficient contacts with the forum to confer
personal jurisdiction over it. CSR, 925 S.W.2d at 594. However, a defendant should not be subjected to the jurisdiction of
a Texas court based upon random, fortuitous, or attenuated contacts. CSR, 925 S.W.2d at 595. A non-resident defendant
must have purposely established such minimum contacts with the forum that it could reasonably anticipate being sued there. 
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

General Jurisdiction

 The minimum-contacts analysis is further divided into general and specific personal jurisdiction. General jurisdiction is
present when a defendant's contacts are continuous and systematic, permitting the forum to exercise personal jurisdiction
over the defendant even if the cause of action did not arise from or relate to activities conducted within the forum state. 
CSR, 925 S.W.2d at 595. General jurisdiction requires a showing that the defendant conducted substantial activities within
the forum, a more demanding minimum contacts analysis than for specific jurisdiction. Id.

 Appellants assert their contacts with Texas have not been continuous and systematic because they have no resident
employees, agents, or sales representatives in Texas; they have no office, warehouse, or other facilities in Texas; and all
instances in which an agent of appellants made an appearance in Texas was in response to a specific request by appellee for
consultation. However, it is uncontested that over the parties' fifteen-year-relationship, appellants delivered their product to
Texas, intermittently sent representatives to Texas, corresponded regularly with appellee in Texas, received payments from
appellee by wire transfer from Texas, and made payments to appellee in Texas. In February 2005, almost three months
before the underlying lawsuit was filed by appellee, Gerflor, SA itself brought suit against appellee, in another Bexar
County, Texas district court, to recover money allegedly due under the distributorship arrangement and the 2004 sales
objective agreement. 

 We conclude appellants have purposefully availed themselves of the privileges and benefits of conducting business, and
bringing suit, in Texas. Therefore, the trial court did not err in determining that appellants maintained continuous and
systematic contacts with Texas.

Traditional Notions of Fair Play and Substantial Justice

 Even when minimum contacts are established, a Texas court may not exercise jurisdiction over a nonresident defendant
unless the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. CMMC v. Salinas,
929 S.W.2d 435, 437 (Tex. 1996). The Texas Supreme Court has stated that "[i]n this inquiry, it is incumbent upon the
defendant to present a compelling case that the presence of some consideration would render jurisdiction
unreasonable.'"Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 231 (Tex. 1991)

(quoting Burger King, 471 U.S. at 477).

 Thus, a court must evaluate a defendant's contacts in light of other factors to determine whether the assertion of personal
jurisdiction comports with fair play and substantial justice. Guardian Royal Exch., 815 S.W.2d at 232. These factors
include (1) the burden on the defendant, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiff's
interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most
efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive
social policies. (1) Id. 

 At the special appearance hearing, appellants did not present any witnesses. Appellants' attorney asserted that, because
Gerflor, SA's office is in France, traveling to Texas for a lawsuit would be a hardship and the burden "is very high." No
evidence in the record supports this conclusory statement. In fact, the record reflects that Gerflor, SA filed a lawsuit in a
Bexar County, Texas district court a few months before the filing of this lawsuit. Also, no explanation was provided as to
why travel from G2i, Inc.'s office in Georgia would pose a hardship. "[D]istance alone is not ordinarily sufficient to defeat
jurisdiction: 'modern transportation and communication have made it much less burdensome for a party sued to defend
[itself] in a State where [it] engages in economic activity.'" Id. at 231. Although international litigation may present a
burden on appellants, the burden is not unreasonable considering the fact that a significant number of appellants' products
are regularly shipped to Texas, appellants' representatives have traveled to Texas, and appellants instigated their own
lawsuit against appellee in a Texas court. See Ho Wah Genting, 163 S.W.3d at 132.

 Appellants contend Texas has no interest in this litigation because the alleged wrongful conduct by appellants occurred in
other states. On appeal, appellants do not challenge the trial court's finding that all or part of the distributorship agreement
was performable in Texas. While appellee does business in a number of states, its home office is in Texas, and a "sales
objective" agreement was sent by appellants to appellee's Texas office. Appellee's lawsuit arises, in part, from this
agreement. Thus, we conclude Texas has an interest in this litigation.

 However, "[w]hen the defendant is a resident of another nation, the court must also consider the procedural and substantive
policies of other nations whose interests are affected by the assertion of jurisdiction by a state court." Guardian Royal
Exch., 815 S.W.2d at 228. The unique burdens placed upon a foreign defendant who must defend itself in a foreign legal
system carries significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over
national borders. Id. at 229. Appellants presented no evidence on this issue, and merely because one of the appellants is a
foreign corporation does not mean that maintaining jurisdiction in Texas is unfair. See Ho Wah Genting, 163 S.W.3d at
131.

 The circumstances of this case lead us to conclude that the exercise of jurisdiction by the Texas court over appellants does
not offend traditional notions of fair play and substantial justice.

CONCLUSION

 We overrule appellants' issue on appeal and affirm the trial court's order.



 Sandee Bryan Marion, Justice





 

1. Appellants did not assert that a lawsuit in Texas offended the interstate judicial system's interest in obtaining the most
efficient resolution of the underlying controversies or the shared interest of the several states in furthering fundamental
substantive social policies.